**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IMMERSION CORPORATION | |
| vs. | Civil Action No. _____ |
| APPLE INC., | |
| AT&T INC., and | **JURY TRIAL DEMANDED** |
| AT&T MOBILITY LLC | |

<u>**COMPLAINT FOR PATENT INFRINGEMENT**</u>

Plaintiff Immersion Corporation ("Immersion") brings this action for patent infringement against Apple Inc., AT&T Inc., and AT&T Mobility LLC (collectively, "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1.      Immersion is a leading innovator and developer of haptic technologies.  Since its founding in 1993, Immersion has developed and licensed haptic products and intellectual property across diverse industries and applications, including medical devices, medical training simulations, game systems and controllers, automotive devices, touchscreen controls for appliances and office equipment, and mobile electronic devices.  Immersion's mission is to innovate touch technology that informs, humanizes, and excites while working with customers and partners to bring these tactile experiences to consumers.

2.      "Haptics" refers to the science of touch.  Haptics are frequently integrated into mobile electronic devices, including smartphones, smartwatches, and handheld computers.  Because of the importance of the sense of touch to the way we perceive our surroundings and the things with which we interact, incorporating haptics enhances the usability and functionality of those devices.

3.     Haptic feedback is especially useful in electronic devices containing touchscreens, which tend to rely on graphical elements (such as buttons, menus, and other aspects of applications) to control the device.  User actions may trigger different haptic effects and thus communicate different types of information.  For example, separate haptic effects may be configured for different graphical buttons, menus, or applications, or to various interactions with such graphical buttons, menus, or applications.  As another example, haptic effects may be generated based on how hard the user presses on the touchscreen.  Different haptic effects allow a user to differentiate the information conveyed and allow a user to easily distinguish, for example, a button press from a calendar alert from a text message alert from an incoming call.

4.     Haptic effects may also be linked to dynamic interactions with graphical objects.  For example, haptic effects may be linked to expanding or contracting a two-finger zoom gesture on a mobile phone or may be based on the amount of pressure applied to the touchscreen.  Haptic feedback based on dynamic interactions provides a more realistic and responsive user experience and increases user immersion when using mobile devices such as smartphones or smartwatches.

5.     Haptic sensations in consumer electronic devices often are created by one or more actuators (usually small motors) which create vibrations that can be felt by a user.  Different sensations may be conveyed by varying the type, duration, intensity, or frequency at which the actuator operates.  Further, a variety of tactile sensations may be accessed with reference to a lookup table containing haptic effect data for multiple tactile sensations.  Similarly, the variety of tactile sensations may be implemented as an Application Programming Interface (API) library that is available to multiple applications.

6.     Immersion's hard work and ingenuity in the field of haptics has resulted in extensive intellectual property protection for Immersion's innovations.  This protection includes more than 2,100 world-wide granted and pending patents, including the patents-in-suit.

7.     Haptics play a central role in Defendants' products.  For example, important features of the current generation of Apple iPhones are promoted under the names "3D Touch" and "Taptic Engine."   These features of the Apple iPhone 6s and 6s Plus provide haptic feedback, including feedback based on pressure-sensitive interactions with the touch screen. Apple and AT&T tout this functionality on their websites.  *See, e.g.*, Apple, iPhone 6s – 3DTouch, http://www.apple.com/iphone-6s/3d-touch/ (3D Touch):

## 3D Touch.
## The next generation of Multi-Touch.

iPhone 6s introduces an entirely new way to interact with your phone. For the first time, iPhone senses how much pressure you apply to the display. In addition to familiar Multi-Touch gestures like Tap, Swipe, and Pinch, 3D Touch introduces Peek and Pop. This brings a new dimension of functionality to the iPhone experience. And when you use 3D Touch, your iPhone responds with subtle taps. So not only will you see what a press can do — you'll feel it.



Watch the film ▶

*See also, e.g.*, http://www.apple.com/iphone-6s/technology/ (Taptic Engine):



*See also, e.g.*, https://www.att.com/cellphones/iphone/iphone-6s.html (3D Touch advertised by

AT&T):



      8.     Important haptic features of the Apple Watch are promoted under the names

"Force Touch" and "Taptic Engine."   Apple touts this functionality on its website.   *See*

http://www.apple.com/watch/watch-reimagined/ (Force Touch):



*See also id.* (Taptic Engine):



9.      Defendants are capitalizing on Immersion's innovation and success by selling mobile devices that infringe Immersion's patents.  Defendants are utilizing Immersion's patented inventions without license or authority from Immersion.  Immersion has brought this action to remedy Defendants' infringement.

## PARTIES

10.     Immersion is a Delaware corporation with its principal place of business located at 50 Rio Robles, San Jose, CA 95134.  Immersion is the owner of the intellectual property rights at issue in this action. As noted above, Immersion is a leading innovator and developer of haptic feedback technologies.  Since its founding in 1993, Immersion has developed and licensed haptic feedback products and intellectual property across diverse industries and applications, including mobile electronic devices.

11.     Defendant Apple Inc. ("Apple") is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, CA 95014.

12.     Apple makes, uses, offers to sell, sells, and imports into the United States mobile electronic devices, including the Apple iPhone 6, the Apple iPhone 6 Plus, the Apple iPhone 6s, the Apple iPhone 6s Plus, Apple Watch, Apple Watch Sport, and Apple Watch Edition.  Apple maintains one or more retail stores and numerous employees in this judicial district.  Apple's retail stores in this judicial district offer to sell and do sell the Apple iPhone 6, Apple iPhone 6 Plus, Apple iPhone 6s, Apple iPhone 6s Plus, Apple Watch, Apple Watch Sport, and Apple Watch Edition.

13.     Defendant AT&T Inc. is a Delaware corporation with a principal place of business at 208 S. Akard Street, Dallas, TX 75202.  Defendant AT&T Mobility LLC ("AT&T Mobility") is a Delaware limited liability company with a principal place of business at 1025

Lenox Park Boulevard NE, Atlanta, GA 30319.  AT&T Mobility is a wholly-owned subsidiary of AT&T Inc.  Together, AT&T Inc. and AT&T Mobility will be referred to as "AT&T."

14.     AT&T uses, offers to sell, sells, and imports into the United States mobile electronic devices, including the Apple iPhone 6, the Apple iPhone 6 Plus, the Apple iPhone 6s, and the Apple iPhone 6s Plus.  AT&T maintains one or more retail stores and numerous employees in this judicial district.  AT&T's retail stores in this judicial district offer to sell and do sell the Apple iPhone 6, Apple iPhone 6 Plus, Apple iPhone 6s, and Apple iPhone 6s Plus.

## JURISDICTION AND VENUE

15.     This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, et seq., including 35 U.S.C. § 271.  This Court has subject matter jurisdiction over the matters pleaded herein under 28 U.S.C. §§ 1331 and 1338(a).

16.     This Court has personal jurisdiction over Defendants because, among other reasons, Defendants have done business in this District, have committed and continue to commit acts of patent infringement in this District, and have harmed and continue to harm Immersion in this District, by, among other things, using, selling, and offering for sale infringing products in this District.  Moreover, the Defendants have placed infringing products into the stream of commerce by shipping those products into this District or knowing that the products would be shipped into this District.

17.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b)-(c) because, among other reasons, Defendants are subject to personal jurisdiction in this District and have committed acts of infringement in this District, including selling and distributing infringing products in this District.

18.     Joinder of Defendants in this action is proper under 35 U.S.C. § 299 because, among other reasons, Immersion asserts a right to relief against Defendants with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of common accused products, including the Apple iPhone 6, Apple iPhone 6 Plus, Apple iPhone 6s, and Apple iPhone 6s Plus, and questions of fact common to all Defendants will arise in this action.

## FIRST CLAIM FOR RELIEF FOR PATENT INFRINGEMENT

### (U.S. Patent No. 8,773,356)

19.     Immersion incorporates by reference paragraphs 1 through 18 as if set forth here in full.

20.     Immersion is the owner of the entire right, title, and interest in and to U.S. Patent No. 8,773,356 (the "'356 patent"), entitled "Method and Apparatus for Providing Tactile Sensations," which was duly issued on July 8, 2014.  A copy of the '356 patent is attached as Exhibit A.

21.     The '356 patent relates to haptic feedback in handheld electronic devices that have a touchscreen.  The '356 patent teaches, among other things, systems and methods for providing tactile sensations, including displaying a graphical object on a touch-screen, receiving a sensor signal indicating an object contacting the touch-screen, determining an interaction between the object contacting the touch-screen and the graphical object, generating an actuator signal based at least in part on the interaction and haptic effect data in a lookup table, and outputting a haptic effect to an actuator based at least in part on the actuator signal.

22.     Defendants have infringed and are currently infringing the '356 patent, in violation of 35 U.S.C. § 271, by, among other things, making, using, offering for sale, selling,

and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '356 patent, including without limitation the Apple iPhone 6, Apple iPhone 6 Plus, Apple iPhone 6s, Apple iPhone 6s Plus, and, in the case of Defendant Apple, the Apple Watch, Apple Watch Sport, and Apple Watch Edition.

23.     Based on the information presently available to it, Immersion alleges that at least the following apparatuses, products, devices, processes, methods, acts, or other instrumentalities infringe or are covered by the claims of the '356 patent: the Apple iPhone 6, Apple iPhone 6 Plus, Apple iPhone 6s, Apple iPhone 6s Plus, Apple Watch, Apple Watch Sport, and Apple Watch Edition.   Immersion makes this preliminary identification of infringing apparatuses, products, devices, processes, methods, acts, or other instrumentalities without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise.

24.     Apple, AT&T, and their customers directly infringe the '356 patent using the Apple iPhone 6, Apple iPhone 6 Plus, Apple iPhone 6s, and Apple iPhone 6s Plus.   Apple and its customers directly infringe the '356 patent using the Apple Watch, Apple Watch Sport, and Apple Watch Edition.   The accused devices display graphical objects (e.g., lists, applications, pictures, emails, etc.) on their touch screens and receive sensor signals indicating a user's finger pressing a graphical object.   The accused devices generate an actuator signal (e.g., a haptic effect to be played by the "Taptic Engine") based at least in part on the detected press interaction and haptic effect data in a lookup table.   As one example, during a "Peek" or "Pop" interaction on an Apple iPhone 6s or Apple iPhone 6s Plus, the devices measure the pressure level of a user's

finger on a graphical object on the touch screen and use a lookup table to cause different haptic effects to be played depending on whether a "Peek" or a "Pop" is detected.  As another example, using the "Force Touch" feature on an Apple Watch, Apple Watch Sport, or Apple Watch Edition, the devices will measure the pressure level of a user's finger touch on a graphical object and will use a lookup table to cause different haptic effects to be played.  Additional details relating to the accused devices and their infringement are in the possession of Defendants.

25.     Defendants are aware of the '356 patent at least from the date of this Complaint. Additionally, on information and belief, Defendants were aware of the '356 patent before the date of this Complaint, including without limitation through Defendants' knowledge of Immersion, knowledge that many Apple competitors in the mobile space have licensed Immersion's patented technology, and Immersion's disclosure of its patents on its website (formerly located at http://www.immersion.com/haptics-technology/patents/index.html and currently located at http://www.immersion.com/legal/#patents).  For example, Immersion's website specifically lists the '356 patent.  Immersion also provides notice of the '356 patent via its virtual marking page at http://www.immersion.com/patent-marking.html.  Additionally, on information and belief, the relevance of Immersion's leading portfolio of haptic patents is well-known to Defendants.  *See, e.g.*, http://www.benzinga.com/analyst-ratings/analyst-color/13/08/3816746/immersion-others-could-get-a-boost-when-haptics-market-r  ("When it comes to haptics, Immersion is usually the first company that comes to mind.").  Defendants knew that the accused products infringe the '356 patent, or at a minimum believed there was a high probability that the accused products were covered by Immersion's patents, but willfully blinded themselves to Immersion's patents and the infringing nature of the accused products.

26.     Defendants induced and are actively inducing infringement of the '356 patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting others to directly make, use, offer for sale, sell, and/or import within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '356 patent, including without limitation the Apple iPhone 6, Apple iPhone 6 Plus, Apple iPhone 6s, Apple iPhone 6s Plus, and, in the case of Defendant Apple, the Apple Watch, Apple Watch Sport, and Apple Watch Edition.   For example, Defendant Apple provides directions, instruction manuals, guides, and/or other materials that encourage and facilitate infringing use by others.   *See, e.g.*, http://www.apple.com/iphone-6s/3d-touch/;        http://www.apple.com/iphone-6s/technology/; http://help.apple.com/iphone/9/;   http://www.apple.com/watch/;   https://help.apple.com/watch/. Defendant AT&T similarly provides directions, instruction manuals, guides, and/or other materials that encourage and facilitate infringing use by others.   *See, e.g.*, http://www.att.com/wireless/iphone/;   https://www.att.com/cellphones/iphone/iphone-6s.html; http://www.att.com/esupport/iphonefaqs.jsp.   The Defendants have sold and are selling these products with the knowledge and intent that customers who buy the products will use the products for their infringing use and therefore that customers have been and are directly infringing the '356 patent.

27.     Defendants have contributorily infringed and are currently contributorily infringing the '356 patent, in violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products or components of products which constitute a material part of the '356 patent, knowing that such products and/or components are especially made or

especially adapted for use in the infringement of the '356 patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

28.     Defendants' infringement of the '356 patent has been and continues to be willful and deliberate.  Despite knowledge of the '356 patent, Defendants have acted and are acting despite an objectively high likelihood that their actions constitute patent infringement.  This objective risk was and is known to the Defendants, and is also so obvious that it should have been known to the Defendants.

29.     Immersion has been damaged by Defendants' conduct and will continue to be damaged in an amount yet to be determined.

### SECOND CLAIM FOR RELIEF FOR PATENT INFRINGEMENT

### (U.S. Patent No. 8,619,051)

30.     Immersion incorporates by reference paragraphs 1 through 18 as if set forth here in full.

31.     Immersion is the owner of the entire right, title, and interest in and to U.S. Patent No. 8,619,051 (the "'051 patent"), entitled "Haptic Feedback System With Stored Effects," which was duly issued on Dec. 31, 2013.  A copy of the '051 patent is attached as Exhibit B.

32.     The '051 patent relates to haptic feedback in handheld electronic devices.  The '051 patent teaches, among other things, systems and methods for generating haptic feedback, including storing a plurality of pre-defined haptic effects that are accessible to multiple applications via an application programming interface, receiving a request for a pre-defined haptic effect from an application, retrieving the requested effect via the application program interface, generating a drive signal based on the effect, and applying the drive signal to an actuator to provide a haptic effect.

33.     Defendants have infringed and are currently infringing the '051 patent, in violation of 35 U.S.C. § 271, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '051 patent, including without limitation the Apple iPhone 6, Apple iPhone 6 Plus, Apple iPhone 6s, Apple iPhone 6s Plus, Apple Watch, Apple Watch Sport, and Apple Watch Edition.

34.     Based on the information presently available to it, Immersion alleges that at least the following apparatuses, products, devices, processes, methods, acts, or other instrumentalities infringe or are covered by claims of the '051 patent: Apple iPhone 6, Apple iPhone 6 Plus, Apple iPhone 6s, Apple iPhone 6s Plus, Apple Watch, Apple Watch Sport, and Apple Watch Edition, and the use of those products.  Immersion makes this preliminary identification of infringing apparatuses, products, devices, processes, methods, acts, or other instrumentalities without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise.

35.     Apple, AT&T, and their customers directly infringe the '051 patent using the Apple iPhone 6, Apple iPhone 6 Plus, Apple iPhone 6s, and Apple iPhone 6s Plus.  Apple and its customers directly infringe the '051 patent using the Apple Watch, Apple Watch Sport, and Apple Watch Edition.  The accused devices contain a library of pre-defined stored haptic effects. Examples include vibration patterns for ringtones or notifications and vibration patterns corresponding to "Peek" and "Pop" functionality on the Apple iPhone 6s and Apple iPhone 6s Plus.  All of the accused devices have an actuator (e.g., the "Taptic Engine") and output pre-defined haptic effects to the "Taptic Engine" via a drive circuit.  Multiple applications on the

accused devices are registered with an application programming interface and have access to the pre-defined stored haptic effects via the application programming interface. Additional details relating to the accused devices and their infringement are in the possession of Defendants.

36. Defendants are aware of the '051 patent at least from the date of this Complaint. Additionally, on information and belief, Defendants were aware of the '051 patent before the date of this Complaint, including without limitation through Defendants' knowledge of Immersion, knowledge that many Apple competitors in the mobile space have licensed Immersion's patented technology, and Immersion's disclosure of its patents on its website (formerly located at http://www.immersion.com/haptics-technology/patents/index.html and currently located at http://www.immersion.com/legal/#patents). For example, Immersion's website specifically lists the '051 patent. Immersion also provides notice of the '051 patent via its virtual marking page at http://www.immersion.com/patent-marking.html. Additionally, on information and belief, the relevance of Immersion's leading portfolio of haptic patents is well-known to Defendants. *See, e.g.*, http://www.benzinga.com/analyst-ratings/analyst-color/13/08/3816746/immersion-others-could-get-a-boost-when-haptics-market-r ("When it comes to haptics, Immersion is usually the first company that comes to mind."). Defendants knew that the accused products infringe the '051 patent, or at a minimum believed there was a high probability that the accused products were covered by Immersion's patents, but willfully blinded themselves to Immersion's patents and the infringing nature of the accused products.

37. Defendants induced and are actively inducing infringement of the '051 patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting others to directly make, use, offer for sale, sell, and/or import within this judicial district and elsewhere in the United States, without license or authority, products and/or processes

falling within the scope of one or more claims of the '051 patent, including without limitation the Apple iPhone 6, Apple iPhone 6 Plus, Apple iPhone 6s, Apple iPhone 6s Plus, and, in the case of Defendant Apple, the Apple Watch, Apple Watch Sport, and Apple Watch Edition.   For example, Defendant Apple provides directions, instruction manuals, guides, and/or other materials that encourage and facilitate infringing use by others.   *See, e.g.*, http://www.apple.com/iphone-6s/3d-touch/;   http://www.apple.com/iphone-6s/technology/; http://help.apple.com/iphone/9/;   http://www.apple.com/watch/;   https://help.apple.com/watch/. Defendant AT&T similarly provides directions, instruction manuals, guides, and/or other materials that encourage and facilitate infringing use by others.   *See, e.g.*, http://www.att.com/wireless/iphone/;   https://www.att.com/cellphones/iphone/iphone-6s.html; http://www.att.com/esupport/iphonefaqs.jsp.   The Defendants have sold and are selling these products with the knowledge and intent that customers who buy the products will use the products for their infringing use and therefore that customers have been and are directly infringing the '051 patent.

38.   Defendants have contributorily infringed and are currently contributorily infringing the '051 patent, in violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products or components of products which constitute a material part of the '051 patent, knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '051 patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

39.   Defendants' infringement of the '051 patent has been and continues to be willful and deliberate.   Despite knowledge of the '051 patent, Defendants have acted and are acting

despite an objectively high likelihood that their actions constitute patent infringement.  This objective risk was and is known to the Defendants, and is also so obvious that it should have been known to the Defendants.

40.     Immersion has been damaged by Defendants' conduct and will continue to be damaged in an amount yet to be determined.

### THIRD CLAIM FOR RELIEF FOR PATENT INFRINGEMENT

### (U.S. Patent No. 8,659,571)

41.     Immersion incorporates by reference paragraphs 1 through 18 as if set forth here in full.

42.     Immersion is the owner of the entire right, title, and interest in and to U.S. Patent No. 8,659,571 (the "'571 patent"), entitled "Interactivity Model for Shared Feedback on Mobile Devices," which was duly issued on Feb. 25, 2014.  A copy of the '571 patent is attached as Exhibit C.

43.     The '571 patent relates to haptic feedback in electronic devices.  The '571 patent teaches, among other things, systems and methods of producing a haptic effect, including receiving first and second gestures signals, generating a dynamic interaction parameter using the signals, and applying a drive signal to a haptic output device according to the dynamic interaction parameter.

44.     Defendants have infringed and are currently infringing the '571 patent, in violation of 35 U.S.C. § 271, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '571 patent, including without limitation the Apple iPhone 6s and Apple iPhone 6s Plus.

45.     Based on the information presently available to it, Immersion alleges that the following apparatuses, products, devices, processes, methods, acts, or other instrumentalities it contends infringe or are covered by the claims of the '571 patent: the Apple iPhone 6s and Apple iPhone 6s Plus.  Immersion makes this preliminary identification of infringing apparatuses, products, devices, processes, methods, acts, or other instrumentalities without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise.

46.     Apple, AT&T, and their customers directly infringe the '571 patent using the Apple iPhone 6s and Apple iPhone 6s Plus.  For example, the accused devices receive first gesture signal corresponding to a light press ("Peek") and a second gesture signal corresponding to a firm press ("Pop").  The accused devices generate a dynamic interaction parameter using the signals and apply a drive signal to a haptic output device (e.g., the "Taptic Engine") according to the parameter.  Additional details relating to the accused devices and their infringement are in the possession of Defendants.

47.     Defendants are aware of the '571 patent at least from the date of this Complaint. Additionally, on information and belief, Defendants were aware of the '571 patent before the date of this Complaint, including without limitation through Defendants' knowledge of Immersion, knowledge that many Apple competitors in the mobile space have licensed Immersion's patented technology, and Immersion's disclosure of its patents on its website (formerly located at http://www.immersion.com/haptics-technology/patents/index.html and currently located at http://www.immersion.com/legal/#patents).  For example, Immersion's website specifically lists the '571 patent.  Immersion also provides notice of the '571 patent via

its virtual marking page at http://www.immersion.com/patent-marking.html.   Additionally, on information and belief, the relevance of Immersion's leading portfolio of haptic patents is well-known to Defendants.   *See, e.g.*,   http://www.benzinga.com/analyst-ratings/analyst-color/13/08/3816746/immersion-others-could-get-a-boost-when-haptics-market-r   ("When   it comes to haptics, Immersion is usually the first company that comes to mind.").   Defendants knew that the accused products infringe the '571 patent, or at a minimum believed there was a high probability that the accused products were covered by Immersion's patents, but willfully blinded themselves to Immersion's patents and the infringing nature of the accused products.

48.     Defendants induced and are actively inducing infringement of the '571 patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting others to directly make, use, offer for sale, sell, and/or import within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '571 patent, including without limitation the Apple iPhone 6s and Apple iPhone 6s Plus.   For example, Defendant Apple provides directions, instruction manuals, guides, and/or other materials that encourage and facilitate infringing use by others.   *See, e.g.*,   http://www.apple.com/iphone-6s/3d-touch/;   http://www.apple.com/iphone-6s/technology/; http://help.apple.com/iphone/9/.   Defendant AT&T similarly provides directions, instruction manuals, guides, and/or other materials that encourage and facilitate infringing use by others.   *See, e.g.*,   http://www.att.com/wireless/iphone/;   https://www.att.com/cellphones/iphone/iphone-6s.html.   The Defendants have sold and are selling these products with the knowledge and intent that customers who buy the products will use the products for their infringing use and therefore that customers have been and are directly infringing the '571 patent.

49.     Defendants have contributorily infringed and are currently contributorily infringing the '571 patent, in violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products or components of products which constitute a material part of the '571 patent, knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '571 patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

50.     Defendants' infringement of the '571 patent has been and continues to be willful and deliberate.  Despite knowledge of the '571 patent, Defendants have acted and are acting despite an objectively high likelihood that their actions constitute patent infringement.  This objective risk was and is known to the Defendants, and is also so obvious that it should have been known to the Defendants.

51.     Immersion has been damaged by Defendants' conduct and will continue to be damaged in an amount yet to be determined.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Immersion prays for judgment as follows:

A.     That U.S. Patent Nos. 8,773,356, 8,619,051, and 8,659,571 (collectively, the "Patents-In-Suit") are valid and enforceable;

B.     That Defendants have directly infringed the Patents-In-Suit;

C.     That Defendants have induced the infringement of the Patents-In-Suit;

D.     That Defendants have contributorily infringed the Patents-In-Suit;

E.     That Defendants be ordered to pay compensatory damages to Plaintiff, together with pre and post judgment interest;

F.      That Defendants be ordered to provide an accounting;

G.      That Defendants be ordered to pay supplemental damages to Plaintiff, and pre and post judgment interest thereon;

H.      That Defendants be ordered to pay Plaintiff's costs;

I.      That the infringement by Defendants be adjudged willful;

J.      That the damages be enhanced under 35 U.S.C. § 284 to three times the amount found or measured;

K.      That this be adjudged an exceptional case and that Plaintiff be awarded their attorneys' fees, costs, and expenses in this action; and

L.      That Plaintiff be awarded such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Immersion hereby demands trial by jury on all issues.


Dated: February 11, 2016                        Respectfully submitted,

Of Counsel:                                     FARNAN LLP

Morgan Chu                                      /s/  *Brian Farnan*
Richard M. Birnholz                             Brian E. Farnan (Bar No. 4089)
Jason G. Sheasby                                Michael J. Farnan (Bar No. 5165)
IRELL & MANELLA LLP                             919 North Market Street
1800 Avenue of the Stars, Suite 900             12th Floor
Los Angeles, CA 90067                           Wilmington, DE 19801
Phone: (310) 277-1010                           (302) 777-0300
Fax: (310) 203-7199                             (302) 777-0301
mchu@irell.com                                  bfarnan@farnanlaw.com
rbirnholz@irell.com                             mfarnan@farnanlaw.com
jsheasby@irell.com

Lisa Glasser
Babak Redjaian
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Phone: (949) 760-0991
Fax: (949) 760-5200
lglasser@irell.com
bredjaian@irell.com

                                                *Attorneys for Plaintiff Immersion Corporation*